### JOSEPH WHIPPLE *versus* THOMAS GILPATRICK.

Where property is sold and delivered upon the condition that the title is not to pass till payment be made, and the conditional vendee sells the same without performance of the condition, trover may be maintained by the first vendor against the last purchaser, without demand upon and refusal by him to surrender the same.

TROVER for a horse. The writ was dated Oct. 6, 1836. From the report of SHEPLEY J. who tried the cause, it appeared that the plaintiff formerly owned the horse, and that in Jan. 1836, he let one Edmund Webber have the horse.

There was testimony tending to prove that Webber purchased the horse, and was to have paid one hundred and thirty dollars for the same, by a pair of oxen, to be appraised and delivered in April then next, the remainder to be paid in June or September following, and that the horse was not to be Webber's unless he paid according to agreement; and there was testimony tending to prove that the horse was sold to Webber unconditionally.

It appeared by the testimony of said Webber, that he had the oxen ready to be delivered at the time and place agreed upon for delivering the same, and for more than a year after; and that the plaintiff never called upon him for the same, or for any thing in payment of the horse.

The defendant was proved to have been in possession of the horse, claiming to have purchased him of Webber, prior to the suing out of the plaintiff's writ. There was testimony introduced tending to show a demand and refusal upon the defendant, and that there was no refusal.

The cause was submitted to the jury with instructions to find for the plaintiff, if they believed, from the evidence, that it was agreed that the horse should continue to be the plaintiff's property, unless paid for; and if not, to find for the defendant; and to return, with their verdict, whether there was or was not, a demand and refusal.

The jury returned a verdict for the plaintiff, and found that there was no refusal on the part of the defendant to deliver up

the property demanded; which verdict was to be set aside, if the plaintiff, on the whole finding, was not entitled to recover.

*J. Appleton,* for the defendant. The agreement between the plaintiff and Webber is a mere personal one, and not binding upon the property. *Howes* v. *Ball,* 14 Eng. C. Law R. 90. Webber is not proved to have been in fault. No suit could be maintained against him without demand. The defendant came rightfully into possession by delivery from him.

The instruction of the presiding Judge assumed the sale to be conditional. If so, the conditional vendee acquired the property subject to the condition annexed. He had rights in it. Whatever were his rights, thus acquired, they might be transferred. It is incident to any right of contract, that it may be transferred. The property being sold, the purchaser succeeded to the rights of his vendee, and held a defeasible estate in the property thus purchased. *Shepherd's Touchstone,* 118, 120; Story on Bailments, 257. In the case of real estate, where the estate is forfeited for the non-performance of a condition, entry is necessary to take advantage of condition broken. *Canal Co.* v. *Rail Road Co.* 4 Gill & Johns. 121; *Willard* v. *Henry,* 2 N. H. R. 120. An action cannot be maintained without entry. *Gray* v. *Blanchard,* 8 Pick. 284; *Chalker* v. *Chalker,* 1 Conn. R. 79. Analogous to entry in real, is demand in personal estate. The defendant, succeeding to the rights of Webber, could not be divested of his purchase without demand and notice, and an opportunity to comply with the terms of the purchase. *Davis* v. *Emery,* 3 Law Reporter, 436. The property coming into the hands of the defendant by delivery from one having the lawful possession, trover cannot be supported unless there has been a demand and refusal. *Nelson* v. *Merriam,* 4 Pick. 250; 3 Stark. Ev. 1495. By no other rule of law can the rights of all parties be protected, and those of no one injured.

*I. Washburn,* for the plaintiff. The sale of Webber was tortious. A demand and refusal, in that case, was unnecessary. *Tibbetts* v. *Towle,* 3 Fairf. 341; *Sawyer* v. *Shaw,* 9 Greenl.

47; *Badlam* v. *Tucker*, 1 Pick. 397; *Lunt* v. *Whitaker*, 1 Fairf. 310; *Parsons* v. *Webb*, 8 Greenl. 38; *Woodbury* v. *Long,* 8 Pick. 544; *Hunt* v. *Holton*, 13 Pick. 216; *Galvin* v. *Bacon*, 2 Fairf. 28. The mere readiness to pay, on the part of Webber, even if proved to exist, constitutes no defence. There was no payment, nor offer to pay. The oxen were never appraised, nor set apart for the plaintiff. They never vested in him. *Bean* v. *Simpson*, 16 Maine R. 49; *Wyman* v. *Winslow*, 2 Fairf. 398.

By the Court. — In the present case, the title of Webber to the horse was conditional, and in case of the non-performance of the condition, upon which alone his title depended, he had none. To have entitled him to the property, he should have shown performance, or an offer to perform. The oxen, which were to go in payment, either in part or in the whole, for the horse, were neither tendered nor appraised. It was the duty of Webber to take the first step. He has done nothing; and by his omission to do his duty, he has forfeited all claims to the property conditionally sold. The plaintiff, there having been no performance of the condition, was entitled to the possession of the property sold; and the defendant, as against him, has no right to retain the same. The defendant having the possession without title, no demand was necessary.

*Judgment on the verdict.*